FIBREBOARD CORPORATION,
Relator,

v.

The Honorable Neil CALDWELL, Judge,
23rd Judicial District Court, Brazoria
County, Texas, Respondent.

No. D–3412.

Supreme Court of Texas.

June 16, 1993.

Joe R. Greenhill, Bob E. Shannon, Patrick O. Keel, Austin, for relator.

Lawrence Madeksho, Robert E. Ballard, Houston, Neil Caldwell, Angleton, for respondent.

## PER CURIAM OPINION DENYING PETITION FOR WRIT OF MANDAMUS

In this original proceeding we are requested to direct the trial court to set aside its order requiring the production of documents allegedly privileged by the attorney-client privilege and the work product exemption. This controversy commenced when Tommie and Dixie Heathman filed the underlying suit in this case against Fibreboard Corporation for asbestos injuries. On June 15, 1989, the Heathmans submitted their third request for production of documents to Fibreboard. In response, Fibreboard objected to most of the requests and moved for a protective order, claiming that the documents were exempt as confidential attorney-client communications, attorney work product, or both. On July 18, 1989, the trial court ordered Fibreboard to submit the documents for an in camera inspection to a master in chancery. The next three years saw the filing of numerous letter reports, recommendations, motions, responses, proposed orders, orders, withdrawal of orders, and mandamus proceedings.[1] Finally, on May 5, 1992, the trial court signed an order requiring the production of documents in accordance with the master's proposed order. The trial court concluded that the fraud exception to the attorney-client privilege prevented some of the documents from being exempted as privileged and that the other documents had to be produced because a privilege had not been properly established. Fibreboard then sought mandamus relief from this order of the trial court.

The court of appeals conditionally granted mandamus relief to Fibreboard with respect to many of the documents in an original opinion and a subsequent opinion on rehearing. However, the court of appeals failed to find that the trial court abused its discretion on 134 pages of documents. The appellate court's ruling on these remaining documents was based upon its conclusion that Fibreboard offered "no evidence" that each recipient of the documents was a "representative of the client" within the meaning of the attorney-client privilege. Fibreboard claims that it produced the evidence in a supplemental affidavit of Robert A. Beck, the in-house counsel for Fibreboard responsible for monitoring all asbestos-related litigation from 1969 to 1987. This supplemental affidavit of Beck was introduced into evidence at the trial court, but the court of appeals did not consider this

---

**1.** *See Owens–Corning Fiberglas Corp. v. Caldwell,* 818 S.W.2d 749 (Tex.1991) (orig. proceeding).

affidavit since it concluded that it was not provided a certified or sworn copy.

In its original proceeding in this Court, Fibreboard has presented a sworn record that includes the supplemental affidavit of Robert A. Beck that was presented to and considered by the trial court. By considering both the supplemental affidavit and the original affidavit of Beck in conjunction with this Court's recent pronouncement in *National Tank Co. v. Brotherton*, 851 S.W.2d 193, 197 (Tex.1993) (discussing meaning of the term "representative of the client"), it seems that many, if not all, of the documents are entitled to privilege. However, rather than issue mandamus relief, this Court concludes that mandamus should be denied without prejudice to allow the trial court to reconsider its ruling on these documents in light of *National Tank Co. v. Brotherton* and the uncontroverted affidavits of Beck. On reconsideration, the trial court is to examine each of these documents to ascertain whether Beck's affidavits sufficiently establish either that the recipients were "representatives of the client" within the meaning of the attorney-client privilege or that the work product exemption applies to the document.

Consequently, pursuant to Texas Rule of Appellate Procedure 122, a majority of the Court, without hearing oral argument, denies the petition for writ of mandamus without prejudice in order to allow the trial court to reconsider its ruling on these 134 pages of documents.

ENOCH, J., not sitting.